UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA

CASE NO.:   6:22-cv-01489

JENNIFER GARCIA-MARTINEZ, individually,
and JOSE MARTINEZ, individually and as parents
and natural guardians of LIONEL MARTINEZ, a
minor,
                Plaintiffs,

vs.

UNITED STATES OF AMERICA,
                Defendant.
_____/

**COMPLAINT FOR DAMAGES UNDER
THE FEDERAL TORT CLAIMS ACT**

The Plaintiffs, JENNIFER GARCIA-MARTINEZ, individually and JOSE MARTINEZ, individually and as parents and natural guardians of LIONEL MARTINEZ, a minor, by and through their undersigned attorneys, hereby sue Defendant, UNITED STATES OF AMERICA (hereinafter "USA") and allege as follows:

**JURISDICTION, VENUE, AND CONDITIONS PRECEDENT**

1. Plaintiff, JENNIFER GARCIA-MARTINEZ, is a resident of the State of Florida, and resides in Orange County and is otherwise sui juris for this action in the Middle District of Florida.

2. Plaintiff, JOSE MARTINEZ, is a resident of the State of Florida, and resides in Orange County and is otherwise sui juris for this action in the Middle District of Florida.

3. Plaintiff, LIONEL MARTINEZ, a minor, is a resident of the State of Florida, and resides in Orange County.

4. The claims herein are brought against the USA pursuant to the Federally Supported Health Centers Assistance Act of 1992, Public Law No. 102-501, 42 U.S.C. s. 233(g)(k), and the amended the Federally Supported health Centers Assistance Act of 1995, Public Law No. 104-73, which provides that the Federal Tort Claims Act 28 U.S.C. s. 1346(b), s. 2401(b) and s. 2671-80, is the exclusive remedy, for injuries including death, caused by employees of a deemed Community Health Center.

5. Plaintiffs' claim is brought under the theory of medical malpractice, Florida Statutes, Chapter 766.

6. a. At the time of the alleged medical malpractice, FELIX OYOLA, M.D. was an employee of CENTRAL FLORIDA FAMILY HEALTH CENTER, INC d/b/a TRUE HEALTH-HOFFNER (hereinafter "TRUE HEALTH") was acting in the course and scope of his employment, and was deemed an employee of the United States pursuant to 42 U.S.C. s. 233.

7. Venue is proper in that all of the acts and omissions forming the basis of these claims occurred at the office of TRUE HEALTH and Advent Health Orlando

Hospital in the Middle District of Florida, and arose on or about January 2020 through June 15, 2020.

8. The Plaintiffs have fully complied with the provisions of 28 U.S.C. s. 2675 of the Federal Tort Claims Act.

9. This suit has been timely filed, in that Plaintiffs timely served notice of their claim on January 3, 2022 to the U.S. Department of Health and Human Services Office of the General Counsel. The USDHHS assumed responsibility for processing the claim and ultimately denied the claim on May 31, 2022. (Exhibit A). Additionally, Plaintiffs have completed an extensive pre-suit screening process of the claim in compliance with s. 766.106, Florida Statutes.

10. The requirements for filing an F.T.C.A. claim were met by Plaintiffs.

## EVENTS FORMING THE BASIS OF THE CLAIM

11. Plaintiff, JENNIFER GARCIA MARTINEZ, was a patient of TRUE HEALTH as the office and its employees handled her prenatal care and delivery of her first child in 2017 and then her prenatal care and delivery of her second child in June 2020.

12. Dr. Oyola was Defendant USA's deemed employee for the preparation and delivery of Jennifer Martinez's baby for June 2020.

13. True Health and Dr. Oyola, based on their office records, knew or should have known that their patient Jennifer Garcia's first delivery resulted in a shoulder dystocia of the infant which did not result in permanent damage.

14. True Health and Dr. Oyola, based on their office records, knew or should have known that their patient Jennifer Garcia had risk factors during her second pregnancy that would be significant to a delivery with another event of shoulder dystocia.

15. True Health and Dr. Oyola, based on their office records, knew or should have known that their patient Jennifer Garcia would need a cesarian section for any future pregnancies after the 2017 delivery.

16. True Health and Dr. Oyola, based on their office records, failed to Schedule a cesarian section for their patient Jennifer Garcia for June 2020's delivery of her son Lionel Martinez.

17. On June 10, 2020, True Health and Dr. Oyola, scheduled patient Jennifer Garcia to undergo an induction for vaginal delivery to occur June 14, 2020 at 5:00am at AdventHealth Orlando.

18. Upon arriving to AdventHealth Orlando, Plaintiffs, JENNIFER MARTINEZ and JOSE MARTINEZ, advised the hospital and its nurses that the first child born in 2017 resulted in a shoulder dystocia and wanted to be sure True Health and Dr. Oyola advised the hospital.

19. The labor and delivery nurses were aware of the concerns of Jennifer Martinez and her husband and conveyed to Dr. Oyola that Jennifer Martinez's first delivery in 2017 resulted in a traumatic delivery and shoulder dystocia.

20. Throughout the morning of June 14, 2020, Dr. Oyola had full access to the fetal heart monitoring of his patient Jennifer Martinez and her unborn child.

21. Dr. Oyola, at all times, knew or should have known that the baby's fetal heart rate demonstrated prolonged decelerations, significant decelerations and were category 2 tracings.

22. Throughout the course of the day, the baby had many incidents of non-reassuring fetal heart rates, that included but were not limited to, variable decelerations, prolonged decelerations and late decelerations, all of which indicated a compromised oxygen and blood flow to the baby and were indicative of the baby being in fetal distress.

23. Defendant USA's deemed employee, Dr. Felix Oyola, failed to identify the baby's suffering and his immediate need for an operative emergency delivery.

24. Baby LIONEL MARTINEZ continued to suffer and in the afternoon, the FHR monitoring strip showed absence of variability which indicated he was suffering asphyxia, hypoxia and likely brain damage.

25. Despite being apprised of the risk factors present in the labor and delivery, and the concern for a repeat shoulder dystocia, the presence of evidence of fetal distress demonstrated on the fetal strips, Dr. Oyola showed no concern for the baby nor mother.

26. On June 15, 2020, at or about 12:15am, Dr. Oyola had difficulty in the vaginal delivery of the baby such that he was unable to fully deliver the baby due to a

shoulder dystocia. The baby was without oxygen more than four minutes and thirty seconds. Dr. Oyola was unable to perform the delivery on his own thus requiring another doctor to step in to assist.

27. The baby was delivered with Apgar Scores of 1 minute (3); 5 minutes (5) and 15 minutes (7). The baby was born with no heart rate and no respiratory effort. The baby required extensive resuscitation including but not limited to hyperthermia treatment.

28. Lionel Martinez was diagnosed with hypoxic-ischemic encephalopathy (HIE) and a complete shoulder dystocia involving all three nerve trunks on the shoulder. Lionel Martinez has permanent damage to his brain and no use of his right arm and hand as a result of his right shoulder dystocia. He will require 24 hour care for the rest of his life.

## COUNT I
## F.T.C.A. CLAIM AGAINST THE UNITED STATES OF AMERICA FOR MEDICAL NEGLIGENCE COMMITTED BY FELIX OYOLA. M.D.

The Plaintiffs reallege and re-aver paragraphs 1-29 as if specifically set forth herein.

29. At all times material, Plaintiffs Jennifer Martinez and Lionel Martinez were patients of the Defendant USA, through Felix Oyola, M.D. and at that time they were provided medical healthcare and treatment by Felix Oyola, M.D. As such, at all times material hereto, a medical provider/patient relationship

existed between Felix Oyola, M.D. and Jennifer Martinez and Lionel Martinez.

30. By virtue of the relationship, the Defendant USA, through Felix Oyola, M.D. owned a duty to Plaintiffs, Jennifer Martinez and Lionel Martinez to provide care and treatment which would comply with the prevailing professional standards of care.

31. Notwithstanding the duty as alleged the Defendant USA, through Felix Oyola. M.D., committed the following acts or omissions, any of which standing along would constitute a deviation from the prevailing professional standard of care and a breach of its duties owner to the Plaintiffs, Jennifer Martinez and Lionel Martinez:

   a. Negligently and/or carelessly failing to properly manage the labor after the induction and failure to intervene in a timely manner;

   b. Negligently and/or carelessly failing to acknowledge and address decelerations in fetal monitor strips;

   c. Negligently and/or carelessly failing to perform a cesarean section in light of the circumstances;

   d. Negligently and/or carelessly failing to timely and appropriately treat, evaluate, monitor, manage and diagnose and/or assess Jennifer Martinez and her unborn baby;

e. Negligently and/or carelessly failing to timely and appropriately evaluate, assess, manage, and monitor Lionel Martinez's pre-delivery status;

f. Negligently and/or carelessly failing to timely and appropriately deliver Lionel Martinez;

g. Negligently and/or carelessly failing to prevent serious and permanent damages to Lionel Martinez including but not limited to permanent and neurological damage to his complete right shoulder, arm and hand, hypoxic-ischemic encephalopathy and the many other resulting sequelae;

h. Negligently and/or carelessly failing to recognize that the unborn infant was in fetal distress;

i. Negligently and/or carelessly failing to recognize that Jennifer Martinez was administered a Pitocin overdose which was affecting the unborn infant;

j. Negligently and/or carelessly failing to recognize the patient's need for an immediate delivery by cesarean section;

k. Negligently and/or carelessly failing to perform an immediate cesarean section when the fetal monitor strips showed fetal distress;

l. Providing medical services to Jennifer Martinez and Lionel Martinez in a wrongful manner as described in s. 768.118(6)(c), Florida Statutes.

    m. Negligently violating hospital policy and procedures resulting in serious injury to Lionel Martinez;

    n. Further care failures to be provided when they become known.

32. As a direct and proximate result of the negligence, and/or wanton and willful disregard for the rights and human safety of the Plaintiffs, by the Defendant, USA, through Felix Oyola, M.D., Lionel Martinez sustained extensive hypoxic-ischemic encephalopathy causing irreversible brain damage and permanent neurological damage to all three nerve trunks of the right shoulder, arm and hand (traumatic shoulder dystocia). As such, Lionel Martinez and his parents Jennifer and Jose Martinez, have suffered and claim any and all available damages under federal and Florida law including, but not limited to the following:

A. Damages claimed by Lionel Martinez:

    (1) For pain and suffering sustained by the minor in the past and in the future;

    (2) For loss of capacity for the enjoyment of life sustained by the minor in the past and in the future;

    (3) For the permanent and total disability sustain by the minor in the past and in the future;

    (4) For the loss of the capacity to earn money and/or be gainfully employed, said loss to be sustained by the minor in the future;

 (5) For disfigurement and scarring sustained in the past and to be sustained in the future;

 (6) For mental anguish sustained by the minor in the past and to be sustained in the future;

 (7) For all economic damages sustained on account of the injury to the minor including medical expenses sustained in the past, medical expense to be sustained in the future, as well as supportive, palliative, rehabilitative, nursing care and treatment to be sustained by the minor for the remainder of his life; and

 (8) For all other damages provided for and appropriate pursuant to federal and Florida law as a result of the injuries sustained by the minor.

B. Damages claimed by parent, Jennifer Martinez:

 (1) Past and future non-economic damages, including not limited to, mental pain and suffering;

 (2) Past and future loss of filial consortium.

C. Damages claimed by parent Jose Martinez:

 (1) Past and future non-economic damages, including but not limited to mental pain and suffering;

 (2) Past and future loss of filial consortium.

WHEREFORE, Plaintiffs, Jennifer Martinez and Jose Martinez, individually and as parents and natural guardians of Lionel Martinez, a minor, demand judgment for the damages listed above against Defendant, USA.

## COUNT II
## VICARIOUS LIABILITY CLAIM FOR MEDICAL MALPRACTICE UNDER FLORIDA STATUTES CHAPTER 766 AGAINST THE UNITED STATES OF AMERICA FOR THE LIABILITY OF CENTRAL FLORIDA FAMILY HEALTH CENTER, INC d/b/a TRUE HEALTH-HOFFNER FOR THE ACTIONS OF FELIX OYOLA, M.D.

The Plaintiffs re-allege and re-aver paragraphs 1-29 as if specifically set forth herein.

33. At all times material hereto, Felix Oyola, M.D. was a physician duly licensed to practice medicine in the State of Florida and held himself out to the public at large and to the Plaintiff Jennifer Martinez as a physician skilled in the practice of medicine and in particular in the specialty of obstetrics and gynecology.

34. At all times material hereto, Felix Oyola, M.D. was employed by CENTRAL FLORIDA FAMILY HEALTH CENTER, INC d/b/a TRUE HEALTH-HOFFNER and was treating the Plaintiffs, Jennifer Martinez and Lionel Martinez, within the course and scope of his employment with CENTRAL

FLORIDA FAMILY HEALTH CENTER, INC d/b/a TRUE HEALTH-HOFFNER.

35. The Defendant USA, through CENTRAL FLORIDA FAMILY HEALTH CENTER, INC d/b/a TRUE HEALTH-HOFFNER and Felix Oyola, M.D. committed the following acts or omissions of negligence, any of which standing alone would constitute a deviation from the prevailing professional standards of care and a breach of its duties owed to Plaintiffs, Jennifer Martinez and Lionel Martinez:

a. Negligently and/or carelessly failing to properly manage the labor after the induction and failure to intervene in a timely manner;

b. Negligently and/or carelessly failing to acknowledge and address decelerations in fetal monitor strips;

c. Negligently and/or carelessly failing to perform a cesarean section in light of the circumstances;

d. Negligently and/or carelessly failing to timely and appropriately treat, evaluate, monitor, manage and diagnose and/or assess Jennifer Martinez and her unborn baby;

e. Negligently and/or carelessly failing to timely and appropriately evaluate, assess, manage, and monitor Lionel Martinez's pre-delivery status;

f. Negligently and/or carelessly failing to timely and appropriately deliver Lionel Martinez;

  g. Negligently and/or carelessly failing to prevent serious and permanent damages to Lionel Martinez including but not limited to permanent and neurological damage to his complete right shoulder, arm and hand, hypoxic-ischemic encephalopathy and the many other resulting sequelae;

  h. Negligently and/or carelessly failing to recognize that the unborn infant was in fetal distress;

  i. Negligently and/or carelessly failing to recognize that Jennifer Martinez was administered a Pitocin overdose which was affecting the unborn infant;

  j. Negligently and/or carelessly failing to recognize the patient's need for an immediate delivery by cesarean section;

  k. Negligently and/or carelessly failing to perform an immediate cesarean section when the fetal monitor strips showed fetal distress;

  l. Providing medical services to Jennifer Martinez and Lionel Martinez in a wrongful manner as described in s. 768.118(6)(c), Florida Statutes.

  m. Negligently violating hospital policy and procedures resulting in serious injury to Lionel Martinez;

  n. Further care failures to be provided when they become known.

36. As a direct and proximate result of the negligence, and/or wanton and willful disregard for the rights and human safety of the Plaintiffs, by the Defendant, USA, through CENTRAL FLORIDA FAMILY HEALTH

CENTER, INC d/b/a TRUE HEALTH-HOFFNER and Felix Oyola, M.D, Lionel Martinez sustained extensive hypoxic-ischemic encephalopathy causing irreversible brain damage and permanent neurological damage to all three nerve trunks of the right shoulder, arm and hand (traumatic shoulder dystocia). As such, Lionel Martinez and his parents Jennifer and Jose Martinez, have suffered and claim any and all available damages under federal and Florida law including, but not limited to the following:

A. Damages claimed by Lionel Martinez:

(1) For pain and suffering sustained by the minor in the past and in the future;

(2) For loss of capacity for the enjoyment of life sustained by the minor in the past and in the future;

(3) For the permanent and total disability sustain by the minor in the past and in the future;

(4) For the loss of the capacity to earn money and/or be gainfully employed, said loss to be sustained by the minor in the future;

(5) For disfigurement and scarring sustained in the past and to be sustained in the future;

(6) For mental anguish sustained by the minor in the past and to be sustained in the future;

(7) For all economic damages sustained on account of the injury to the minor including medical expenses sustained in the past, medical expense to be sustained in the future, as well as supportive, palliative, rehabilitative, nursing care and treatment to be sustained by the minor for the remainder of his life; and

(8) For all other damages provided for and appropriate pursuant to federal and Florida law as a result of the injuries sustained by the minor.

B. Damages claimed by parent, Jennifer Martinez:

(1) Past and future non-economic damages, including not limited to, mental pain and suffering;

(2) Past and future loss of filial consortium.

C. Damages claimed by parent Jose Martinez:

(1) Past and future non-economic damages, including but not limited to mental pain and suffering;

(2) Past and future loss of filial consortium.

WHEREFORE, Plaintiffs, Jennifer Martinez and Jose Martinez, individually and as parents and natural guardians of Lionel Martinez, a minor, demand judgment for the damages listed above against Defendant, USA.

37 . Defendant USA through CENTRAL FLORIDA FAMILY HEALTH CENTER, INC d/b/a TRUE HEALTH-HOFFNER and Felix Oyola, M.D, had

and undertook the duty to provide the Plaintiff medical care and services in accordance with that level of care which is recognized as acceptable and appropriate by reasonably prudent similar health care providers.

38. By the virtue of the physician/patient relationship identified and alleged above, Defendant USA, through CENTRAL FLORIDA FAMILY HEALTH CENTER, INC d/b/a TRUE HEALTH-HOFFNER and Felix Oyola, M.D, owed a duty to Plaintiffs to provide them with medical care and treatment which would meet or exceed the prevailing professional standards of care.

39. At all times material, Defendant USA, through Felix Oyola, M.D. provided care and treatment to Plaintiff, and he was acting in the course and scope of his employment for Defendant USA and CENTRAL FLORIDA FAMILY HEALTH CENTER, INC d/b/a TRUE HEALTH-HOFFNER. As such, Defendant USA is responsible for Defendant, Felix Oyola, M.D.'s negligent acts and/or omissions pursuant to doctrine of respondeat superior.

WHEREFORE, Plaintiffs, Jennifer Martinez individually and Jose Martinez, Individually, and as parents and natural guardians of Lionel Martinez, demand judgment for damages listed in paragraph 36 against the Defendant, USA.

Dated this 22nd day of August, 2022.

                                                    **RUBENSTEIN LAW, P.A.**
                                                    *Attorneys for Plaintiffs*
                                                    9130 S. Dadeland Blvd., PH

        Miami, FL  33156
        (305) 661-6000
        (305) 670-7555
        Email: bonnie@rubensteinlaw.com
            efabricant@rubensteinlaw.com
            eservice@rubensteinlaw.com


By: */s/ Bonnie Navin*
Bonnie Navin, Esquire
Florida Bar: 487759